**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ERICK LEONEL CRISTAL CUMES,**

      **Petitioner,**

  **v.**                            **CIVIL NO. 1:26-CV-56**
                                       **(KLEEH)**

**ACTING DIRECTOR, UNITED STATES**
**IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,**

      **Respondents.**

## ORDER REGARDING JURISDICTION AND SETTING BRIEFING SCHEDULE

On May 28, 2026, Petitioner, Erick Leonel Cristal Cumes, by and through his next friend and wife Lauren Pellien, a *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.* ECF No. 1. On May 29, 2026, Petitioner filed a *Motion for Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Petition Pending Disposition of Petition* [ECF No. 3]. Thereafter, on June 5, 2026, Petitioner filed an Amended Petition [ECF No. 6]. The Respondents Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of U.S. Department of Homeland Security ("DHS"); Todd Blanche, Acting United States Attorney General; and John Rife, Field Office Director for ICE in Philadelphia ("Respondents") filed their *Response to Amended Petition and Motion* [ECF No. 23] on June 22, 2026, asking the Court to dismiss the petition for lack of jurisdiction or transfer the action to the United States District

Court for the Western District of Pennsylvania. Petitioner filed a response in opposition to dismissal or transfer on June 24, 2026. ECF No. 30. The Court convened for a jurisdictional hearing on June 25, 2026, to take up argument regarding Habeas jurisdiction and venue.[1] For the reasons stated herein, the Court **FINDS** it possesses Habeas jurisdiction pursuant to the unknown custodian doctrine.

## I.    BACKGROUND

Petitioner Cumes was arrested by ICE on May 28, 2026, at the Don Patron Mexican Grill in Weston, West Virginia. ECF No. 6. According to ICE and DHS records reviewed by John C. Foster of the DHS ICE York, Pennsylvania Field Office, the encounter with ICE or DHS officers occurred at approximately 11:00 A.M. John C. Foster Decl., ECF No. 23-1 at ¶ 6. The records reflect Petitioner was thereafter transported to the ICE field office in Pittsburgh, Pennsylvania beginning at approximately 12:00 PM, arriving at the facility at approximately 2:00 PM. Id. at ¶¶ 7-8.

However, Petitioner disputes the accuracy of these records based upon the eyewitness account of Ms. Pellien. Lauren Pellien decl., ECF No. 30-1. Ms. Pellien went to the Weston Don Patron Mexican Grill the morning of May 28, 2026, after receiving a call from Petitioner that he was being detained by ICE. Id. at ¶¶ 3-4.

---

[1] Petitioner appeared remotely for the hearing with access to a Spanish-speaking interpreter.

She observed Petitioner being loaded into a transport van at Don Patron and took a photograph of the transport van in the restaurant's parking lot. Id. at ¶¶ 5-6. Ms. Pellien's phone reflects that the photo was taken at 12:40 PM. Id. at ¶ 6. Ms. Pellien recalls the transport van did not leave Don Patron in Weston until several minutes after she took the photograph. Id. at ¶ 8.

The same day, Petitioner was transported to the Moshannon Valley Processing Center ("MVPC") in Philipsburg, Pennsylvania, and arrived at approximately 10:09 PM. ECF No. 23-1 at ¶ 12. Petitioner remains in custody at MVPC. Id.

On May 28, 2026, the day of Petitioner's arrest, Attorney Jonathan Sidney filed Petitioner's § 2241 Habeas Petition at 1:50 PM. Jonathon Sidney decl., ECF No. 30-2 at ¶ 13. Mr. Sidney learned of Petitioner's arrest from Ms. Pellien at approximately 1:06 P.M. Id. at ¶ 3. Mr. Sidney understood that Petitioner had been arrested very recently and believed, based on his experience, that Petitioner likely would be transported to Pennsylvania but was likely still in West Virginia. Id. at ¶¶ 5-6. Prior to filing the petition, Mr. Sidney took several steps to determine Petitioner's present location and custodian, including searching the ICE detainee locator, emailing multiple supervisory officials at the ICE field office in Poca, West Virginia, calling the ICE field office in Pittsburgh, Pennsylvania multiple times, and searching

3

the West Virginia Division of Corrections and Rehabilitation in mate locator. Id. at ¶¶ 8-11. None of Mr. Sidney's efforts proved fruitful; the ICE detainee locator website was still not updated with Petitioner's location as of 9:43 PM on May 28, 2026. Id. at ¶ 12. Mr. Sidney averred that he was unaware of Petitioner's location and immediate custodian at the time the subject Petition was filed, and that he did not believe that any additional steps prior to filing would have provided clarity on Petitioner's location or immediate custodian. Id. at ¶ 13. Mr. Sidney proffered at the hearing that he confirmed Petitioner's location in Pennsylvania the evening of May 28, 2026 when speaking with Ms. Pellien.

## II.  LEGAL STANDARD

A writ of habeas corpus may be granted by the district court within its respective jurisdiction. 28 U.S.C. § 2241.

Title 28 U.S.C. § 1631 provides a court with authority to transfer a case for lack of jurisdiction. Specifically, Section 1631 provides that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; see also 28 U.S.C. § 1406(a); Rodriguez-Flores v. Oddo, 2026 WL 801273, at *1 (S.D.W. Va. Mar. 23, 2026).

Similarly, a court "may transfer any civil action to any other district or division where it might have been brought," for the convenience of parties and witnesses. 28 U.S.C. § 1404.

### III. DISCUSSION

Respondents argue this case should be transferred to the Western District of Pennsylvania because Petitioner was not detained in this district at the time his petition was filed and thus contend this Court lacks Habeas jurisdiction over Petitioner. ECF No. 22. Alternatively, Respondents assert the Court should transfer this action pursuant to § 1404(a). Id.

Petitioner disputes Respondents' purported timeline, based upon Ms. Pellien's observations and photo evidence. ECF No. 30. Considering Weston is approximately 63 miles from the Pennsylvania border and estimating the transport van left the Don Patron parking lot between 12:40 and 12:45 PM, Petitioner asserts that it is unclear whether Petitioner would have been in West Virginia or Pennsylvania at the time of filing. Id. During the hearing, both parties acknowledged that Petitioner could have been a few minutes out on either side of the border, when the Petition was filed at 1:50 PM on May 28, 2026.

Regardless, Petitioner contends the "unknown custodian doctrine" applies because counsel was unable to discover Petitioner's location upon a reasonable inquiry. ECF No. 30. Additionally, Petitioner contends that Respondents have not

5

established transfer under § 1404(a) is permissible or warranted because Respondents failed to show Petitioner was in Pennsylvania at the time of filing. Id.[2]

Generally, "a habeas petition seeking to challenge present physical custody should be filed 'in the district of confinement' and 'the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' " Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (quoting 28 U.S.C. § 2241(a)). "These 'default' district of confinement and immediate custodian rules are not absolute." Reyes v. Mullen, No. 3:26-CV-00467-MR, 2026 WL 1751741, at *2 (W.D.N.C. June 17, 2026)(citing Suri v. Trump, No. 25-1560, 2025 WL 1806692, at *1 (4th Cir. July 1, 2025)). An exception exists when an individual is held in an undisclosed location by an unknown custodian. The unknown custodian doctrine provides that, "if the government moves a detainee from a district and their attorney cannot discover their location with reasonable inquiry, the attorney may file a habeas petition in the detainee's last-known location against their ultimate custodian." Suri, 2025 WL 1806692, at *4. In his concurring opinion in Padilla, Justice Kennedy acknowledged the potential need for the unknown custodian exception in circumstances where "there is an indication that the

---

[2] Transfer is only proper in a district where the case could have been brought, i.e., where Petitioner was physically present at the time of filing. 28 U.S.C. § 1406(a).

6

Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the government was not forthcoming with respect to the identity of the custodian and the place of detention." Padilla at 454.

Here, Petitioner's counsel filed the subject Habeas Petition approximately forty-four minutes after speaking with Petitioner's wife/next friend Lauren Pellien. ECF No. 30-2. At the time of filing, Mr. Sidney acknowledged Petitioner was likely still in West Virginia given the location of the arrest, but he suspected Petitioner would ultimately be detained in Pennsylvania. Id. at ¶¶ 5-6. Despite the short time period between speaking with Ms. Pellien and filing the subject petition, Mr. Sidney made several efforts to specifically identify Petitioner's location and custodian, which were unsuccessful. Nearly a month later, Petitioner's precise location at the time of the filing remains unclear. Thus, the application of the unknown custodian doctrine is appropriate in this case. This District was the only available forum for Petitioner's habeas petition while the location of petitioner and his custodian were unknown despite reasonable inquiry. Suri, 2025 WL 1806692, at *5. Accordingly, the Court **FINDS** it possesses jurisdiction over Petitioner's § 2241 Habeas Petition as the last location known to counsel, at the time of filing.

7

## IV.   CONCLUSION

For the reasons stated herein, the Court **FINDS** it possesses Habeas jurisdiction to address the merits of Petitioner's Amended *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [ECF No. 6] and *Motion for Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Petition Pending Disposition of Petition* [ECF No. 3].

During the June 25, 2026 hearing, the parties indicated that a second hearing on the merits would not be necessary and that the Court could render its decision on the briefs. Accordingly, the Court **ENTERS** the following briefing schedule on the substantive issues and merits of the 28 U.S.C. § 2241 petition:

- Petitioner shall submit any briefing in support of the § 2241 petition or opposition to Respondent's motion to dismiss[3] on or by **JULY 1, 2026.**

- Respondents shall submit any response briefing on or by **JULY 3, 2026.**

- Petitioner shall submit any further reply briefing on or by **JULY 7, 2026.**

It is so **ORDERED.**

The Clerk is further **DIRECTED** to provide copies of this Order to counsel of record.

---

[3] While Respondents did not file a formal motion to dismiss, Respondents provided relevant briefing at ECF No. 23.

DATED: June 26, 2026

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

9