IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERICK LEONEL CRISTAL CUMES,

       Petitioner,

   v.

ACTING DIRECTOR, UNITED STATES
IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,

       Respondents.

CIVIL NO. 1:26-CV-56
(KLEEH)

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S § 2241 PETITION

Pending before the Court is Petitioner Erick Leonel Cristal Cumes's *Verified Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241*[1] [ECF No. 6]. For the reasons stated herein, the § 2241 petition is **GRANTED IN PART** and **DENIED IN PART**. The Court finds that Petitioner is entitled to a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a). The Court denies Petitioner's request for immediate release.

### I.   BRIEF BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Petitioner Erick Leonel Cristal Cumes is a native and citizen of Guatemala. Petitioner Cumes was arrested by Immigration and Customs Enforcement ("ICE") on May 28, 2026, at the Don Patron Mexican Grill in Weston, West Virginia. Prior to

---

[1] Pursuant to the Court's findings and directives contained herein, Petitioner's *Motion for Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Petition Pending Disposition of Petition* [ECF No. 3] is **DENIED AS MOOT.**

his detention, Cumes resided in Weston, with his wife, Lauren Pellian, a native of West Virginia. Petitioner is presently detained at the Moshannon Valley Processing Center ("MVPC") in Philipsburg, Pennsylvania.

On May 29, 2026, Petitioner filed a *Motion for Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Petition Pending Disposition of Petition* [ECF No. 3]. Thereafter, on June 5, 2026, Petitioner filed the subject Amended § 2241 Petition [ECF No. 6]. The Respondents Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Markwayne Mullin, Secretary of U.S. Department of Homeland Security ("DHS"); Todd Blanche, Acting United States Attorney General; and John Rife, Field Office Director for ICE in Philadelphia ("Respondents") oppose Petitioner's § 2241 petition or release from custody. ECF No. 23.

Upon determining this Court had jurisdiction over the subject Habeas Petition, the Court entered an expedited briefing schedule, providing the parties with the opportunity to submit additional briefing on the merits. ECF No. 33. The matter is fully briefed and ripe for review. See ECF Nos. 34-36.

## II.    LEGAL STANDARD

A writ of habeas corpus may be granted by the district court, within its respective jurisdiction, when an individual "is in custody in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2241. "Immigration cases in which detainees challenge their confinement . . . fall within this 'core' of habeas corpus. <u>Bakuradze v. Adams</u>, No. 5:26-cv-18, ECF No. 10 at 5-6 (N.D.W. Va. Mar. 2, 2026) (Bailey, J.) (citing <u>Trump v. J. G. G.</u>, 604 U.S. 670, 672 (2025)).

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend V.

### III. DISCUSSION

Petitioner asserts that his present detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment because he was detained without an individualized determination of flight risk, danger to the community, or any assessment of the available conditions of release. ECF No. 6 at ¶ 3. Specifically, Petitioner contends that the detention of immigrants already present in the United States and subject to removal proceedings is governed by 8 U.S.C. § 1226(a). Thus, Petitioner contends he is constitutionally and statutorily entitled to an initial custody determination by an immigration officer and a prompt bond hearing. <u>Id.</u> at ¶ 25.

In contrast, Respondents argue that Petitioner is being detained pursuant to § 1225(b)(2), which requires mandatory detention for all individuals pending removal proceedings who

entered the United States without inspection and admission. ECF No. 23. Thus, the Court must next determine whether Petitioner's detention is governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2)(A) or the discretionary detention provisions in 8 U.S.C. § 1226(a).

Section 1225(a) provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States ... shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). As relevant here, individuals covered under §1225(b)(2) " 'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted" into the country.'" Jennings v. Rodriguez, 583 U.S. 281, 288, (2018); §1225(b)(2)(A).

"Section 1226 generally governs the process of arresting and detaining [aliens who were inadmissible at the time of entry] pending their removal." Jennings, 583 U.S at 288.

> The distinction between "aliens seeking admission into the country" governed by § 1225(b) and "aliens already in the country" governed by § 1226(a), Jennings, 583 U.S. at 289[], "makes sense in the broader context of U.S. immigration law." Hasan v. Crawford, 800 F.Supp.3d 641 (E.D. Va. 2025). That is, "[t]he distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law." Zadvydas v. Davis, 533 U.S. 678, 693[](2001). For those who have already

4

> entered the United States, "the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.' " Leng May Ma v. Barber, 357 U.S. 185[](1958) (citation omitted).

Said v. Noem, No. 3:25-CV-00938-MOC, 2025 WL 3657217, at *5 (W.D.N.C. Dec. 17, 2025).

Like the vast majority of courts to consider the issue, this Court finds that § 1225(b)(2) is not applicable to people like Mr. Cumes who have been present in the United States for an extended time. See e.g., Ortega Miranda v. Bondi, No. 3:25CV769 (DJN), 2026 WL 287179, at *9 (E.D. Va. Feb. 3, 2026) (collecting cases); Navarrete v. Kluemper, No. CV 3:26-0244, 2026 WL 948601, at *2 n.4 (S.D.W. Va. Apr. 8, 2026) (collecting cases). Section 1226(a) governs detention of noncitizens "already present in the United States" under Jennings v. Rodriguez, 583 U.S. 202 (2018). Under this provision, Petitioner is entitled to a bond hearing before an Immigration Judge at which the government bears the burden of establishing, by clear and convincing evidence, that he poses a danger to the community, or by a preponderance of the evidence, that he presents a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Absent this showing, Petitioner's continued detention would be unlawful.

For the above reasons, the Court will grant in part Petitioner's Amended Petition, [ECF No. 6] and will order

5

Respondents to provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

### IV. CONCLUSION

In conclusion, Petitioner Erick Leonel Cristal Cumes's *Verified Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [ECF No. 6] is **GRANTED IN PART** to the extent the Court finds his detention is pursuant to 8 U.S.C. § 1226(a) and that he is entitled to a bond hearing before an Immigration Judge. The § 2241 Petition is **DENIED IN PART** to the extent it seeks Petitioner's immediate release from custody.

It is further **ORDERED** that Respondents shall **HOLD A BOND HEARING** in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a) on or by **July 14, 2026**. Respondents shall **FILE** a status report with this Court within **three (3) days** of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the basis for such denial.

It is so **ORDERED**.

The Clerk is further **DIRECTED** to provide copies of this Order to counsel of record.

DATED: July 9, 2026

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA